■ EDWARD L. FRYER, Respondent, v. HIGHLAND ENTERPRISES, INC., et al., Appellants.— AULISI, J. Appeal from a judgment of the Supreme Court entered upon a verdict in a negligence action arising out of a collision which occurred between plaintiff's automobile and defendants' tractor-trailer being operated in opposite directions. There were no witnesses to the accident other than the drivers who gave conflicting testimony as to the way in which the accident happened. The appellants-defendants contend that certain testimony and exhibits show that the collision took place across the center line in defendants' lane; but the jury was entitled to accept plaintiff's version that the impact took place on his side of the road; and we cannot say, upon this record, that the conclusion of the jury is contrary to the weight of the evidence. The record when read in its entirety presents a factual question as to how the accident happened and the jury resolved this in favor of the plaintiff. We find no errors which would warrant setting aside this verdict or disturbing the amount of it. Judgment affirmed, with costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.

■ ESTHER C. DE GRAFF et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 39537.) — HERLIHY, J. P. The claimants appeal from a judgment in an appropriation case on the grounds that the amount of the award was inadequate. The claimants, prior to the appropriation, owned a farm with access to the main road and commercial land with considerable frontage on both sides of Route No. 5, which property was divided into various plots by other owners, transmission lines and railroad rights of way. The value of the buildings as found by the court is $3,000 and while we have some question as to the manner of arriving at market value, under the circumstances, in view of the type and condition of the buildings, we find no necessity for a new trial. (Cf. *Guthmuller* v. *State of New York,* 23 A D 2d 597; *Levine* v. *State of New York,* 24 A D 2d 524.) There appears to be little dispute as to the value of the railroad tracks as found by the court. As to the land value, the claimants used a square foot and the State an acreage basis, the result being a great variance as to the figures. For instance, Lot No. 39, as found by the claimant's method, was valued at $12,282 and the State's valuation was $81. The court, after viewing the property, found a valuation of $5,265, which would seem to be realistic. The claimants' land value was approximately $98,000, the State approximately $5,550. The court found total damages in the amount of $47,500 which, after a review of the record and exhibits, appear to be fair and reasonable. Judgment affirmed, without costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of the Claim of CHARLOTTE DE CICCO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. The board found upon substantial evidence that during the five months of her employment claimant used both a manually operated comptometer and an electric comptometer; that when the latter was no longer available she expressed dissatisfaction to her supervisor and informed him that her production would suffer if she were restricted to a manually operated machine; and that although he told her simply to do the best she could, she remained dissatisfied and resigned. The board held her disqualified for benefits on the finding that she voluntarily left the employment without good cause (Labor Law, § 593, subd. 1) and we find no basis upon which we could disturb that determination. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.